UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,

vs.


PARTY CITY CORPORATION
 d/b/a Party City at Coral Way and
COLUMBIA BBB WESTCHESTER
SHOPPING
C/O IDEAL MANAGEMENT COMPANY

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Party City Corporation doing business as Party City at Coral Way and Defendant Columbia BBB Westchester Shopping c/o Ideal Management Company, for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

### JURISDICTION

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189.  This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.    Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

**PARTIES**

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Party City Corporation (also referenced as "Defendant Party Corp," "tenant," "operator," lessee" or "co-Defendant") is a foreign corporation authorized to transact business in Florida. Party City Corporation is a subsidiary of Party City Holdco Inc., which is a NYSE company on the Russell 2000 component.

6. Defendant Columbia BBB Westchester Shopping c/o Ideal Management Company (also referenced as "Defendant Columbia," "Lessor," "Owner," or "co-Defendant") is the owner of real property located at 8675 SW 24th Street, Miami, Florida 33155 (also called "Coral Way"), which is also referenced as folio 30-4010-000-0020. Defendant Columbia's real property is built out as a mixed-use commercial center. Defendant Columbia leases its mixed-use commercial center (in part) to retail stores including (but not limited to) Five Below, Dollar Tree, The UPS Store and to restaurants such as Sushi Saki and Subway. Defendant Columbia also leases a portion of its mixed-use commercial center co-Defendant Party Corp who in turn operates its "Party City" brand retail store (which is the subject of this instant action) at that location.

## FACTS

7. Party City retail stores sell party goods such as disposable paper/plastic dining ware, balloons, and party decorations. All Party City retail stores are places of public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5) as an "other" sales establishment. The Party City retail store located at 8675 SW 24th Street which is the subject of this complaint is also referenced as "Party City retail store," "Party City at Coral Way," "retail store," or "place of public accommodation."

8. As the operator of retail stores which are open to the public, Defendant Party Corp is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a retail store; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

9. Due to the close proximity to Plaintiff's home to the Party City retail store at 8675 SW 24th Street, on May 24, 2021 Plaintiff went to the Party City retail store with the intent of purchasing colorful disposable dining ware.

10. On entering the Party City at Coral Way, Plaintiff had occasion to visit the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair.

11. Due to the inaccessible restroom facilities, Plaintiff has been denied full and equal access by the operator/lessee of the retail store (Defendant Party Corp) and by the owner/lessor of the commercial property which houses the retail store (Defendant Columbia).

12. Defendant Party Corp is well aware of the ADA and the need to provide for equal access in all areas of its retail stores. Therefore, Defendant Party Corp's failure to

reasonably accommodate mobility impaired and disabled patrons by insuring that its Party City at Coral Way is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

13. As the owner of commercial real property, much of which is operated as retail stores open to the public, Defendant Columbia is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). On information and belief, as an investor and owner of commercial property being used as a public accommodation, Defendant Columbia is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons at its commercial property by ensuring that its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

14. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

15. Plaintiff continues to desire to patronize the Party City at Coral Way, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

16. Any and all requisite notice has been provided.

17. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of

this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

18. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

19. Congress explicitly stated that the purpose of the ADA was to:

(i)   provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii)  provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

20. Prior to the filing of this lawsuit, Plaintiff personally visited the party City at Coral Way, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers when he went to the restroom. Therefore, Plaintiff has suffered an injury in fact.

21. Defendant Party Corp (operator of the Party City retail store which is located at Coral Way) and Defendant Columbia (owner/lessor of the commercial property) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the subject Party City retail store, in derogation of 42 U.S.C.

§12101 *et. seq*., and as prohibited by 42 U.S.C. §12182 *et. seq*. by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

22. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Party City at Coral Way.

23. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

24. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

25. The commercial space which is owned by Defendant Columbia (owner/lessor) and which houses the Party City retail store (operated by tenant/lessee Defendant Party Corp) is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA, and 28 C.F.R. §36.302 *et. seq.* As such, both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

i. As to Defendant Party Corp (lessee/operator), there is a lack of signage indicating accessibility at the restrooms, which is in in violation of Section 4.1.3(16) and 4.30 of the ADAAG and Section 216.6 and Section 703 of the 2010 ADA Standards for Accessible Design.

ii. As to Defendant Party Corp (lessee/operator), Plaintiff had difficulty using the men's restroom, as there are store items and merchandise encroach onto the accessible route. The fact that merchandise is crammed into the passageway to the restrooms is a violation of Section 4.3.3 of the ADAAG and Sections 403.5.1 of the 2010 ADA Standards for Accessible Design.

iii. As to Defendant Party Corp (lessee/operator) and Defendant Columbia (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the lavatory stall door without assistance, as the bathroom toilet compartment stall door does not have pull handles on both sides of the door near the latch, which is in violation of 28 C.F.R. Part 36, and ADA/ABA Design Compliance Code Section §604.8.1.2.

iv. As to Defendant Party Corp (lessee/operator) and Defendant Columbia (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the stall partition which encroaches over the accessible water closet clear floor space is a violation of 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design.

v. As to Defendant Party Corp (lessee/operator) and Defendant Columbia (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet without assistance, as the toilet paper dispenser is not in the proper position in front of the water closet or at the correct height above the finished floor, in violation of 2010 ADAAG §§604, 604.7 which states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser.

        Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. Section 604.9.6 further states that there must be a clearance of 1½ inches (38 mm) minimum below the grab bar and that dispensers shall not be of a type that controls delivery or that does not allow continuous paper flow.  The subject toilet paper dispenser is in violation of these sections.

vi. As to Defendant Party Corp (lessee/operator) and Defendant Columbia (owner/lessor of the property) (jointly and severally), the lavatory mirror (inside the stall) is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the 2010 ADA Standards for Accessible Design.

vii. As to Defendant Party Corp (lessee/operator) and Defendant Columbia (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes (inside the stall) and water supply lines are not completely wrapped which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards of Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

viii. As to Defendant Party Corp (lessee/operator) and Defendant Columbia (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes (outside the stall) and water supply lines are not completely wrapped which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

ix. As to Defendant Party Corp (lessee/operator) and Defendant Columbia (owner/lessor of the property) (jointly and severally), the lavatory mirror (outside the stall) is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the 2010 ADA Standards for Accessible Design.

x. As to Defendant Party Corp (lessee/operator) and Defendant Columbia (owner/lessor of the property) (jointly and severally), the lavatory soap dispenser is at an inaccessible height, in violation of 28 C.F.R. Part 36, Section 308 of the 2010 ADA Standards for Accessible Design, and in violation of ADA Code Section §606.1.

xi. As to Defendant Party Corp (lessee/operator) and Defendant Columbia (owner/lessor of the property) (jointly and severally), with respect to the women's restroom, disabled individuals who use a wheelchair to perambulate cannot transfer to the toilet without assistance, as the side wall grab bar is not in the required location from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 of the 2010 ADA Standards for Accessible Design which states that the grab bar shall be 36 in (915 mm) minimum above the finished floor.

xii. As to Defendant Party Corp (lessee/operator) and Defendant Columbia (owner/lessor of the property) (jointly and severally), with respect to the women's restroom, disabled individuals who use a wheelchair to perambulate cannot use the mirror (inside the stall) as it is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the 2010 ADA Standards for Accessible Design.

    xiii.    As to Defendant Party Corp (lessee/operator) and Defendant Columbia (owner/lessor of the property) (jointly and severally), with respect to the women's restroom, disabled individuals who use a wheelchair to perambulate cannot close the stall door as the door does not have pull handles on both sides of the door near the latch, which is in violation of 28 C.F.R. Part 36, and ADA/ABA Design Compliance Code Section §604.8.1.2.

    26.    Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the commercial property which is being operated as a Party City retail store accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

    27.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the retail store therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

    **WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against the Defendant Columbia BBB Westchester Shopping c/o Ideal Management Company (owner of the commercial property housing the Party City retail store) and Defendant Party City Corporation (operator of the Party City retail store) and requests the following relief:

    a)    The Court declare that Defendants have violated the ADA;

    b)    The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

    c)    The Court enter an Order requiring Defendants to alter the commercial property and the Party City retail store located therein such that it becomes

accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 16th day of June 2021.

                                            Respectfully submitted,

<u>/s/ J. Courtney Cunningham</u>
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*